# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**Richard William Tillie-Toler**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:14-cr-199

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. § 801 et seq

  ☒ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 32 years old with most of his ties to the Detroit area and few in Lansing. He is unemployed due to disability, although he is able to strip floors and paint as long as he doesn't earn more than $600 to $800 per month. He smokes marijuana on a daily basis. He only uses alcohol 2 to 3 times per year (two shots), but coincidentally, consumed a half pint the day of his arrest. His substance abuse began at age 14.

Defendant has four children by four different women. He apparently was married to one (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that

no condition or combination of conditions will assure the safety of the community based upon the unrebutted presumption arising in the case from the various charges and, in the alternative, from the proofs aside from the presumption. Notwithstanding that defendant was placed on bond apparently as part of a police operation to pursue a larger investigation, he has continued to traffic in drugs despite the fact he has been under court supervision (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: November 25, 2014

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:14-cr-00199-RJJ   ECF No. 14 filed 11/25/14   PageID.29   Page 2 of 3

United States v.  **Richard William Tillie-Toler**
 1:14-cr-199
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

woman for approximately two months in 2011 before they separated, although they remain married.  Defendant resides with his aunt, one daughter and his current girlfriend in Detroit.  Defendant has only lived at this address for the past two months, thus calling into question the stability of his family life.

Defendant has a criminal record going back to age 18 when he incurred two felonies for carrying concealed weapons and was placed on probation.  The following year he was convicted of attempting to flee a police officer, third degree.  He was placed on probation for one year, but was unsuccessful while on probation and sent to jail.

At age 25, defendant was sent to the Michigan Department of Corrections for 1 to 30 years for three counts of delivery/manufacturing controlled substances less than 50 grams and for a felony firearms violation.  He served three years before being paroled, eventually being discharged altogether on February 28, 2012.

The following year defendant was charged with unarmed robbery and bound over to the Ingham County Circuit Court.  This charge apparently resulted from the defendant's forceful collection of a drug debt from a female when he took money from her purse, and remains pending in that court.  Defendant remains on a $20,000 to $30,000 bond.

Shortly after being bound over to the Ingham County Circuit Court on the unarmed robbery charge, defendant allegedly committed the present offense which resulted, inter alia, in two state firearms charges and he was again bound over to Ingham County Circuit Court for trial.  Those charges will be dropped in light of the gun charges in the present indictment.  As a result of the same incident, discussed below, defendant was charged with the misdemeanor of loitering in a drug area and given 13 days in jail.  In connection with that proceeding, defendant apparently failed to appear at a pretrial hearing and a bench warrant was issued resulting in his arrest.  Defendant claimed he did not receive notice of the hearing and his bond was reinstated.

On April 17, 2014, an arrest warrant was issued in Detroit with a state-wide pickup for the defendant on a charge of domestic violence.  Defendant claims ignorance of this charge.

The six charges in the pending indictment arise out of an undercover buy that was set up by the Lansing Police Department on November 5, 2013.  A confidential informant purchased heroin and cocaine from the defendant at 441 East Edgewood, Apt. D, in Lansing, MI.  As a result of that buy, police obtained a search warrant which was executed the same day.  During the course of the search, defendant threw a loaded .45 caliber (continued on attachment)

**Part II - Written Statement of Reasons for Detention** - (continued)

(.i.e., on bond).  Because he has continued to carry weapons as a convicted felon, and to traffic in drugs while on bond for unarmed robbery and subsequently while on bond for dealing in drugs and being a felon in possession of firearms, there is no reason to believe that placing defendant on yet a third bond will cause him to alter his criminal behavior.

United States v. Richard William Tillie-Toller
1:14-CR-199
**ORDER OF DETENTION PENDING TRIAL**
Page 3.


**Alternate Findings (B) -** (continued)

pistol out the window and a second firearm was found hidden in a laundry basket in a bedroom of the apartment.  The buy money from the undercover purchase was found in defendant's pocket.  Also found in the apartment were crack cocaine, heroin and marijuana, along with various utensils for processing and packaging drugs.  Defendant has been on bond since that date but has subsequently been involved in several further controlled drug buys.